# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK THOMAS, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV05-366-S-LMB |
| ) | |
| vs. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| PRISON HEALTH SERVICES, INC. ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, INC., WARDEN RANDY ) | |
| BLADES, WARDEN PHIL FOSTER, ) | |
| TOM BEAUCLAIR, and IDOC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court are the following motions: (1) Plaintiff's Motion to Compel (Docket No. 37); (2) Plaintiff's Motion for Extension of Time (Docket No. 41); (3) Plaintiff's Motion to Sever Harvey Samuelson (Docket No. 42); (4) Plaintiff's Motion Opposing Dismissal of Suit (Docket No. 48); (5) Plaintiff's Motion for Medical Treatment (Docket No. 53); (6) Plaintiff's Motion to Amend/Correct the Complaint (Docket No. 57); (7) Plaintiff's Motion to Stay (Docket No. 63); and (8) Plaintiff's Motion to Compel (Docket No. 81).

Based on a review of the pending motions and the record before it, the Court has determined that Plaintiff will be authorized to proceed only on his Eighth Amendment claim relating to gastric reflux disease, and that the additional claims he seeks to file will be dismissed. In addition, the remainder of Plaintiff's motions will be denied.

**MEMORANDUM DECISION AND ORDER - 1**

I.

BACKGROUND

The Complaint in this action was filed by two inmates, Harvey Samuelson and Jack Thomas. In the Court's Initial Review Order, it was determined that Plaintiffs' Complaint alleged Eighth Amendment claims sufficient to be heard, and Plaintiffs' request for indigent filing status was granted. *Order*, p. 5-6 (Docket No. 9). Plaintiffs' Complaint generally alleged that they had exhausted the prison grievance system, but Defendants asserted that Plaintiffs had failed to exhaust the grievance system as to their specific medical claims prior to filing the Complaint. Defendants filed a Motion to Dismiss Plaintiffs' unexhausted claims. *Docket No. 24*. The record of Plaintiffs' prison grievances showed that Plaintiff Samuelson failed to file grievances as to any of his claims and that Plaintiff Thomas had only completed the grievance process as to his gastric reflux claim. *Order*, p. 5 (Docket No. 36).

Accordingly, Plaintiff Samuelson was dismissed from the Complaint based on his failure to exhaust the prison grievance system, however Plaintiff Thomas was allowed to proceed with his claim relating to the alleged failure to provide treatment for his gastric reflux disease. *Id.* [1] Thomas was allowed an additional twenty days within which to provide further evidence of proper exhaustion of his claim(s), but neither Thomas nor Samuelson submitted anything further in response to the Order. Accordingly, Plaintiff Samuelson's claims were dismissed and Plaintiff Thomas' claims were limited to those arising out of the alleged failure to treat his gastric reflux

---

[1] Plaintiff Thomas alleged that he was forced to endure chronic pain in his esophagus as a result of the gastric reflux. *Complaint*, p. 5 (Docket No. 3, Att. 1).

**MEMORANDUM DECISION AND ORDER - 2**

disease. *Order* (Docket No. 36).

After the unexhausted claims were dismissed, Plaintiff Thomas filed numerous additional motions. He challenges the Court's dismissal of his unexhausted claims, complains about the manner in which his medical records were produced to him, and requests leave to file an amended complaint.

## II.

## DISCUSSION

### A. Motions to Compel

Plaintiff filed two motions, entitled "Motions to Compel." The first motion requests that Defendants provide a new set of his medical records to him because the previous set, consisting of several hundred pages, contained duplicate documents. *Motion to the Clerk of the Court to Docket Motion to Order Defendants to Send a Single Copy of Medical Records to Plaintiff*, pp. 1-2 (Docket No. 37). Defendants' response states that the medical records produced to Plaintiff were given to him in the manner received from the Idaho Department of Corrections ("IDOC") and the two private medical providers Plaintiff has seen. *Defendant Correctional Medical Services, Inc.'s Response to Plaintiff Jack Thomas' Motion to the Clerk of the Court to Docket Motion to Order Defendants to Send a Single Copy of Medical Records to Plaintiff*, p. 4 (Docket No. 38). Defendants were not aware that the medical records contained duplicates, and they respond that it would have been improper to provide the documents in a manner other than the way in which the medical records were maintained. *Id*.

Defendants will not be required to produce a new set of medical records to Plaintiff. Plaintiff's request is costly/unnecessary. Therefore, Plaintiff's Motion to Compel is denied.

**MEMORANDUM DECISION AND ORDER - 3**

Plaintiff also filed a motion requesting that Defendants provide "all information that is available from July 1 of 2006 to this date July 2007." *Motion for Thomas' Second Set of Interrogatories and Requests for Production of Documents for Plaintiff Jack Thomas*, p. 1 (Docket No. 81). Plaintiff subsequently filed a document in which he withdrew that motion; therefore, it is deemed moot. *Motion Not Opposing Respondent's Motion to Dismiss Thomas' Motion for Interrogatories* (Docket No. 92).

**B.     Motions for Extension of Time and for Stay**

Plaintiff also filed a Motion for Extension of Time to "reform" his civil rights action. *Motion for Extension of Time to Reform Civil Rights Suit* (Docket No. 41). He claims that his former co-plaintiff was released from prison and took relevant documents with him, thereby making it difficult for Plaintiff to litigate his claims. He also claimed that he was having health problems that made it difficult for him to pursue his claims. After Plaintiff filed the Motion for Extension of Time, he requested leave to file an amended complaint. *Motion to Prisoner's Amended Civil Rights Complaint* (Docket No. 57). It appears that he was able to obtain the information he needed from his co-plaintiff, and filed an amended pleading. Therefore, this Motion is deemed moot.

Plaintiff also requested that the action be stayed due to a surgery that occurred in May of 2007. *Motion for Extension of Time for Surgery and Hospital Stay* (Docket No. 63). It appears that Plaintiff is capable of proceeding with the litigation because he filed some additional motions in this action after the date of his surgery. Therefore, the Court also deems this Motion moot.

**MEMORANDUM DECISION AND ORDER - 4**

### C. Motion Opposing Dismissal of Lawsuit

Plaintiff also filed a motion requesting that Plaintiff Samuelson be severed from the lawsuit and opposing the dismissal of Plaintiff's unexhausted claims. *Motion to Sever Harvey Samuelson from Class* (Docket No. 42) and *Motion Opposing Dismissal of Suit* (Docket No. 48). Plaintiff Samuelson was already dismissed from this action based on his failure to exhaust the prison grievance system. Accordingly, the request to sever Plaintiff Samuelson from this action is moot.

Plaintiff's motion opposing the dismissal of his lawsuit will be construed as the response to the Court's Order conditionally granting the dismissal of his unexhausted claims. Plaintiff claims that his co-plaintiff took documents showing that they were unable to complete the prison grievance system process. *Motion Opposing Dismissal of Suit*, p. 2 (Docket No. 48). The Motion also explains that Plaintiff was experiencing numerous health problems during the time he was incarcerated at the Orofino facility and after he was transferred to Idaho State Correctional Institution ("ISCI"). These allegations are a recitation of the same allegations set forth in Plaintiff's Complaint, and he was previously advised that he had failed to exhaust these claims.

Based on the United States Supreme Court's decision in *Woodford v. Ngo,* inmates must be able to show "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id*. at 2382 (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The *Woodford* opinion makes it clear that prisoners "must now exhaust all 'available remedies,' not just those that meet federal standards." *Woodford*, 126 S. Ct. at 2382.

**MEMORANDUM DECISION AND ORDER - 5**

In *Woodford*, the Supreme Court stated that the exhaustion requirement "gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Id*. at 2387. Thus, the opinion informs the prison administrators that the purpose behind exhaustion is to give the agency an opportunity to correct its own mistakes before it is brought before a court. *Id*. at 2385.

In *Wyatt v. Terhune*, the Ninth Circuit Court of Appeals held "that § 1997e(a) creates a defense -- defendants have the burden of raising and proving the absence of exhaustion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). After examining Defendants' evidence in support of the non-exhaustion defense, Plaintiff's claims were conditionally dismissed, with the exception of the gastric reflux disease claim. Plaintiff was allowed additional time to show that he had completed the grievance process as to other potential medical claims, but he has failed to provide any evidence to counter Defendants' argument that Plaintiff filed a grievance relating only to the alleged failure to provide treatment for his gastric reflux disease. *Affidavit of Loy Mechling,* Exs. A-C (Docket No. 24, Att. 4).

Defendants have carried their burden of proof on the issue of non-exhaustion. Where a court (1) determines that a civil rights complaint contains both exhausted and unexhausted claims, and (2) determines that "the unexhausted claims are not intertwined with the properly exhausted claims," the unexhausted claims should be dismissed and the inmate should be allowed to proceed on the exhausted claims. *Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005). Accordingly, Plaintiff's medical claims are limited to the failure to provide treatment for gastric reflux disease, and his motion opposing the dismissal of his additional medical claims is denied.

**MEMORANDUM DECISION AND ORDER - 6**

### D.     Plaintiff's Motion to File Amended Complaint

Plaintiff filed a motion requesting leave to file an Amended Complaint in this action. *Motion to Prisoner's Amended Civil Rights Complaint* (Docket No. 57). The motion appears to contain the draft of the Amended Complaint that Plaintiff is seeking to file. In Plaintiff's original Complaint, he was authorized to proceed with his claims against Warden Blades, Warden Foster or his successor, Tom Beauclair, Correctional Medical Services (CMS), and Prison Health Services (PHS).

The Amended Complaint names the following Defendants: PHS, CMS, ISCI, ICI-O, former IDOC Director Thomas Beauclair, Warden Randy Blades, Warden James Spalding, and Warden Phil Foster. [2] *Id.* at pp. 2-3. Plaintiff alleges violation of his rights under the Eighth Amendment and the Americans with Disabilities Act (ADA). His allegations and claims include many of the same medical conditions contained in the original Complaint which were dismissed for failure to exhaust the prison grievance procedure. For example, Plaintiff includes the failure to treat his hiatal hernia, gastric reflux, heart problems, lung problems, infected penis, stomach hernias, gall stones, inflamed gall bladder, and a bowel blockage. *Id*. at pp. 4-5.

---

[2] Plaintiff will not be authorized to proceed against James Spalding as a Defendant because there are no allegations linking him to the alleged civil rights violations within the applicable two-year statute of limitations for civil rights actions. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993)(a court may dismiss a case sua sponte on statute of limitations grounds before a defendant has filed a responsive pleading); Idaho Code § 5-219. Neither will Plaintiff be authorized to proceed against the state entities due to their immunity from suit under the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)(the Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought.").

**MEMORANDUM DECISION AND ORDER - 7**

With the exception of the gastric reflux disease claim, the Court has determined that Plaintiff must first complete the prison grievance procedure before filing a civil rights and ADA claim on these medical conditions. *McKinney v. Carey*, 311 F.3d 1198, 1199-2101 (9th Cir. 2002) (exhaustion must occur prior to filing suit; a prisoner may not exhaust his administrative remedies during the course of a civil rights action); *O'Guinn v. Lovelock Correctional Center*, --- F.3d ---, 2007 WL 2482149 (holding that an inmate must exhaust the grievance system for ADA and Rehabilitation Act claims; it is not sufficient to file a complaint with the Department of Justice).

Based on the foregoing, Plaintiff will be authorized to proceed on only the Eighth Amendment claim for failure to treat his gastric reflux disease. To the extent Plaintiff is attempting to bring additional claims in his Amended Complaint, they are dismissed from this action.

Based on a review of the record, it appears that Plaintiff intended to file a new civil rights action, but the Complaint was inadvertently filed under the present action. (Docket No. 58). The Court will instruct the Clerk of Court to re-file the Prisoner Civil Rights Complaint filed as Docket No. 58 as a separate action with a new case number. Plaintiff will be given a copy of the docket in the new case. If Plaintiff intends to request indigent filing status in the new action, then he shall file an affidavit and inmate trust account statement once he receives the new case number.

**E.     Motion for Medical Treatment**

Finally, Plaintiff filed a motion, requesting treatment for what he describes as a penis infection. *Docket No. 53*. He alleges that he received a seven-day course of antibiotics for the

**MEMORANDUM DECISION AND ORDER - 8**

infection, but he requests that Defendants be ordered to refer him to a specialist. *Affidavit of Jack Thomas, Docket No. 53-2*, p. 3-4. Plaintiff requests that he be seen by a doctor unassociated with CMS or St. Alphonsus Medical Center. *Id.*

It appears that Plaintiff is attempting to broaden the claims in his civil rights action by continually filing motions in this action about unrelated medical conditions. As set forth above, Plaintiff must exhaust the prison grievance system prior to filing his claims against Defendants. Additionally, Plaintiff cannot exhaust a claim during the pendency of a lawsuit. Accordingly, Plaintiff cannot proceed on this claim in the present action. If Plaintiff is unable to resolve the treatment issue with the IDOC's medical providers, then he must file a separate action pertaining to this alleged failure to provide treatment for his infection.

**F.      Limit on Filing Future Motions**

Plaintiff is ordered to refrain from filing multiple motions on the same issues.

**G.      Scheduling Deadlines**

The Court also issues the following Scheduling Order in this action, governing all pre-trial deadlines.

> 1. **<u>Completion of Discovery and Requests for Subpoenas</u>:** All discovery shall be completed on or before **December 21, 2007.** Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date. The Court is not involved in discovery unless the parties are unable to resolve their differences among them. In addition, all requests for subpoenas duces tecum (production of documents by nonparties) must be made by **November 16, 2007.** No requests for

**MEMORANDUM DECISION AND ORDER - 9**

subpoenas duces tecum will be entertained after that date.

2. **Depositions**: Depositions, if any, shall be completed on or before **December 21, 2007.** If Defendants wish to take the deposition of Plaintiff or other witnesses who are incarcerated, leave to do so is hereby granted. Any such depositions shall be preceded by ten (10) days' written notice to all parties and deponents. The parties and counsel shall be professional and courteous to one another during the depositions. The court reporter, who is not a representative of Defendants, will be present to record all of the words spoken by Plaintiff (or other deponent), counsel, and any other persons at the deposition. If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what he believes he said. If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

3. **Dispositive Motions:** All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **February 25, 2008.** Responsive briefs to such motions shall be filed

**MEMORANDUM DECISION AND ORDER - 10**

within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho. **Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court.  No motion or memorandum, typed or handwritten, shall exceed 20 pages in length.**

### III.
### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that

1. Plaintiff's Motions to Compel (Docket Nos. 37, 81) are DENIED;

2. Plaintiff's Motion for Extension of Time (Docket No. 41) is MOOT;

3. Plaintiff's Motion to Sever Harvey Samuelson (Docket No. 42) is MOOT;

4. Plaintiff's Motion Opposing Dismissal of Suit (Docket No. 48) is DENIED;

5. Plaintiff's Motion for Medical Treatment (Docket No. 53) is DENIED;

6. Plaintiff's Motion to Amend/Correct the Complaint (Docket No. 57) is GRANTED in part and DENIED in part as set forth above;

7. Plaintiff's Motion to Stay (Docket No. 63) is DENIED.

8. Plaintiff shall only be allowed to have three pending motions at one time in this action.  He shall refrain from filing any further motions once he has reached the three-motion limit.  After the Court has ruled on the pending motions, he may file additional motions, if necessary.  Plaintiff shall not file motions that request the same relief he has previously

**MEMORANDUM DECISION AND ORDER - 11**

requested in a prior motion.

      9.  The Clerk of Court is directed to re-file the Prisoner Civil Rights Complaint filed as Docket No. 58 herein as a separate action with a new case number.  Plaintiff will be given a copy of the docket in the new case.  If Plaintiff intends to request indigent filing status in the new action, then he shall file an affidavit and inmate trust account statement once he receives the new case number.

      10.  The parties shall adhere to the pre-trial scheduling deadlines as set forth above.



DATED:  **September 24, 2007**.

_/s/ Larry M. Boyle_
Honorable Larry M. Boyle
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**